KNOLL, Justice,
dissenting.
hThe majority reverses the court of appeal’s decision to allow the enrollment of co-counsel and remands this matter to the trial court for random re-allotment for a hearing on the enrollment issue. For the following reasons, I respectfully dissent.
As noted by the majority, a party has the legal right to counsel, including the right to choose legal representation of choice, but this right is not unfettered. State v. Brown, 03-0897(La.4/12/05), 907 So.2d 1, 11-12 (criminal defendant’s right to counsel of choice is not absolute). Further, the right to counsel of one’s choice may be overridden when compelling reasons exist. McCuin v. Texas Power & Light, 714 F.2d 1255, 1263 (5th Cir.1983). The right thus must be balanced in cases in which it is called into question against the right to untainted prosecution of the law suit and society’s right to maintain the highest ethical standards of professional responsibility, as well as judicial integrity. Id. Moreover, this right must not be exercised without thought also to the needs of effective administration of justice. Id. I believe the facts of this case demonstrate why this is so.
In the present case, plaintiff filed a breach of contract suit against defendant, Pellerin, who in turn, filed a separate suit for payment on an open account against plaintiff. Both suits were filed in the 24th Judicial District Court for the Parish of Jefferson, and both were randomly allotted. Plaintiffs suit for breach of contract was allotted to Division “N,” in which Judge Hans Liljeberg presided. The suit for | ¡.payment on an open account was allotted to Division “B.” Defendant hired attorney, Edmond C. Haase, III, to defend the breach of contract suit and to prosecute the suit for payment on an open account. As noted by the majority, when these two suits were consolidated, they would have been transferred to Division “N,” as plaintiffs suit was the first filed.
According to defendant’s opposition filed in this Court, after the allotment, Pellerin’s counsel, Mr. Haase, sought more aggressive and experienced trial counsel and sought to retain Leonard L. Levenson in both cases on behalf of Pellerin. Mr. Le-venson met with Mr. Haase and then learned that one case had been assigned to Judge Liljeberg. At that time, he disclosed to Pellerin, through its counsel, that his enrollment might cause Judge Lilje-berg to recuse himself. Evident from the opposition is the fact that Pellerin was aware that Mr. Levenson’s enrollment “might cause Judge Liljeberg to recuse himself’ prior to filing the motion to enroll. Moreover, in the opposition, Pellerin also explained that it was aware of the prior relationship between counsel for plaintiff and Judge Liljeberg prior to retaining Mr. Levenson and that this was one of the reasons that Pellerin sought more aggressive and experienced trial counsel. It is further apparent Judge Liljeberg had a practice of recusing himself from any matter involving Mr. Levenson prior to allotment. Logically, this means his division was not considered in the random allotment of Mr. Levenson’s cases.
*1103 Although the defendant is entitled to the right to counsel, that right does not grant to the defendant the right to enroll additional counsel after allotment that would bring about the recusal of the trial judge. Such action would render useless the process of random allotment of cases and would have the potential to allow a litigant to abuse the judicial process by impacting the random allotment of cases.
|SI find that in situations involving civil litigations where after random allotment, a party attempts to enroll counsel the party knows might cause the judge to recuse himself evident by the judge’s standard practice of recusing himself from all cases involving the counsel sought to be enrolled, the party’s motion to enroll should be denied, regardless of the intent of the- parties. Such action has strong potential of becoming “backdoor judge shopping,” which would defeat the impartiality sought to be maintained by the judiciary through random allotment and like procedures. The right to counsel of choice should never be allowed to be employed as a means to control the litigation or the judiciary..Such action is clear abuse in my opinion and tips the scales of the delicate balance between a party’s right to counsel of choice and the right to untainted prosecution of the case, as well as judicial integrity, in favor of maintaining random allotment. I am not by any means implying this was done in this case, but the potential to achieve these bad results, such as “backdoor judge shopping,” only further supports my position.
While it may have, been more proeedurally appropriate to randomly allot this matter for hearing on the motion to enroll, I would affirm the denial of the motion to enroll under the circumstances of this case.